1  WILLIAM MCGRANE [57761]
2  MATTHEW SEPUYA [287947]
   MCGRANE PC
3  4 Embarcadero Center, Suite 1400
   San Francisco, CA 94111
4  Telephone: (415) 292-4807
   william.mcgrane@mcgranepc.com
5  matthew.sepuya@mcgranepc.com

6  MICHAEL J. HASSEN [124823]     MICHAEL CARDOZA [194065]
   REALLAW, APC                   THE CARDOZA LAW CORPORATION
7  1981 N. Broadway, Suite 280    2618 San Miguel Dr., Suite 1025
8  Walnut Creek, CA 94596         Newport Beach, CA 92660
   Telephone: (925) 359-7500      Telephone:  (415) 488-8041
9  mjhassen@reallaw.us            mike.cardoza@cardozalawcorp.com

10  Attorneys for Plaintiffs Sanket Vinod Thakur, an individual person, on behalf of
    himself and all other persons similarly situated
11
              UNITED STATES DISTRICT COURT
12
       CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)
13
    SANKET VINOD THAKUR, an          | Case No.  8:19-cv-2233
14  individual person on behalf of himself |
    and all other persons and entities  | **CLASS ACTION**
15  similarly situated,               |
                                      | **JURY TRIAL DEMANDED**
16              Plaintiffs,           |
            v.                        | **COMPLAINT FOR PENAL**
17  COFIROUTE USA, LLC, a Delaware    | **FINES**
18  limited liability company, ORANGE |
    COUNTY TRANSPORTATION             |
19  AUTHORITY, a California           |
    governmental entity; and RIVERSIDE |
20  COUNTY TRANSPORTATION             |
    COMMISSION, a California          |
21  governmental entity,             |
                                      |
22              Defendants.           |

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    Come now Plaintiffs and allege as follows:

2                          **Parties**

3    1.    Plaintiff Sanket Vinod Thakur (Thakur) is a foreign born

4    natural person residing in San Diego County, California. Thakur holds both

5    a Bachelor of Science degree from the Sardar Patel College of Engineering

6    and a Master's of Science degree from Syracuse University. He is lawfully

7    residing in this country pursuant to a work visa that allows him to be

8    employed as a test engineer by Qualcomm in San Diego, California. As a

9    matter of law, an individual person such as Thakur who is not a citizen of

10   the United States cannot possibly be deemed a California citizen under any

11   circumstances.

12   2.    Defendant Cofiroute USA, LLC (CUSA) is a Delaware limited

13   liability company with its principle place of business in Orange County,

14   California. CUSA is a dual California and Delaware citizen.

15   3.    Defendant Orange County Transportation Authority (OCTA) is

16   a California governmental entity with its principle place of business in

17   Orange County, California. OCTA is a California citizen.

18   4.    Defendant Riverside County Transportation Commission

19   (RCTC) is a California governmental entity with its principle place of

20   business in Riverside County, California. RCTC is a California citizen.

21   5.    CUSA, OCTA, and RCTC are sometimes hereafter collectively

22   referred to as Defendants.

---

1

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

**Jurisdiction**

6.    Thakur was one of two named plaintiffs in a putative class action brought against the present defendants on behalf of a class that included both California and non-California citizens, which class action recently resulted in a judgment of dismissal without prejudice against Thakur and his co-plaintiff. *See* Exhibit 1.

7.    Thakur has sought relief from that judgment of dismissal by way of a Rule 60(b), Fed. R. Civ. Pro. motion. *See* Exhibits 2-3.

8.    Such a Rule 60(b), Fed. R. Civ. Pro. motion, however, does not stay the effect of the existing judgment of dismissal as per Rule 60(c)(2), Fed. R. Civ. Pro.

9.    As a result of the above, and at least for present purposes, there is no other action pending to which Thakur is now a party and, acting out of an abundance of caution, Thakur hereby files the instant complaint.

10.    Thakur's status as a foreign born non-naturalized resident of California creates sufficient minimal diversity in this case to meet the requirements of 28 U.S.C. § 1332(d)(2)(B) for purposes of conferring original jurisdiction on this Court pursuant to that statute.

11.    This case involves more than five million dollars ($5,000,000) in penal fines, thus meeting the minimum amount in controversy requirement of 28 U.S.C. § 1332(d)(2).

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    12.    This case is not subject to any of the discretionary or mandatory

2    exceptions to 28 U.S.C. § 1332(d)(2) that are otherwise set forth in 28

3    U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4) because the various

4    exceptions set forth in the latter two provisions of 28 U.S.C. § 1332(d) have

5    no possible application to a case that has been originally filed in California

6    where the defendants are all California citizens who are each being sued by

7    the members of a class whose members are all non-citizens of California.

8                                    **Venue**

9    13.    Venue is appropriate in this District and Division because

10   Orange County, California is where the relevant claim for relief for penal

11   fines arose.

12                             **Limitation of Actions**

13   14.    The one year from occurrence statute of limitations set forth in

14   California Code of Civil Procedure section 340(a) was tolled as to all

15   defendants by no later than October 15, 2018, at which time Defendants had

16   all either been sued in some related prior class action making similar

17   allegations to those made in this case or, in the case of the two government

18   entity defendants, administrative class action claims making similar

19   allegations to those made in this case had previously been submitted to them.

20

21

22

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

**Charging Allegations**

1
2    15.    All during the Class Period (as that term is defined, *infra*)
3    Defendants have each acted as the agents of the others in doing and failing
4    to do all of the things alleged in this Complaint for Penal Fines (Complaint).
5    16.    The terms "transportation agency," "electronic toll collection
6    system," and "toll highway," as employed throughout this Complaint are all
7    otherwise defined in California Streets & Highways Code sections 31490(l)-
8    (m).
9    17.    The terms "pay-by-plate toll payment" and "valid vehicle
10   license plates properly attached to the vehicle" as employed throughout this
11   Complaint are both otherwise defined in California Vehicle Code sections
12   23302(d)-(e).
13   18.    Defendants are all transportation agencies operating an
14   electronic toll collection system with respect to a toll highway (the 91
15   Express Lanes) that is partially owned by OCTA and partially owned by
16   RCTC, which 91 Express Lanes CUSA operates for the benefit of OCTA
17   and RCTC pursuant to a written contract to which all Defendants are parties.
18   19.    All during the Class Period (as that term is defined, *infra*), the
19   Class Members (as that term is defined, *infra*) have all had valid vehicle
20   license plates properly attached to their vehicles, the existence of which
21   valid vehicle license plates properly attached to the vehicles belonging to the
22   Class Members (as that term is defined, *infra*) having self-evidently been the

1   sole means by which Defendants were enabled to lawfully acquire the

2   Protected PII (as that term is defined, *infra*) from any state department of

3   motor vehicles in the first place.

4     20. All during the Class Period (as that term is defined, *infra*) the

5   91 Express Lanes have knowingly permitted pay-by-plate toll payment.

6     21. Given the facts stated in ¶¶ 15-20, *supra*, the mere fact that the

7   Class Members (as that term is defined, *infra*) drove the 91 Express Lanes

8   during the Class Period (as that term is defined, *infra*) without any of the

9   Class Members (as that term is defined, *infra*) having had a valid FasTrak®

10  account did not violate California Vehicle Code section 23302 or any other

11  California criminal statute.

12    22. As a matter of law, the only thing that the conduct of the Class

13  Members (as that term is defined, *infra*) as described in ¶¶15-20, *supra*, ever

14  could even possibly have violated was California Vehicle Code section

15  23302.5 (the 23302.5 Violations).

16    23. Responding to what were therefore, and of necessity, merely

17  the 23302.5 Violations of the Class Members (as that term is defined, *infra*),

18  CUSA sent the Class Members (as that term is defined, *infra*) certain

19  Notices of Toll Evasion Violation and/or Notices of Delinquent Toll Evasion

20  Violation (collectively the False Notices). Copies of these False Notices are

21  attached hereto as Group Exhibit 4.

22

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1       24.     On their face, the False Notices improperly accused the Class

2 Members (as that term is defined, *infra*) of having committed a criminal

3 infraction subject to a citation by the California Highway Patrol.

4       25.     This improper claim was made despite the fact that, as the

5 public record demonstrates, Defendants themselves knew that the Class

6 Members (as that term is defined, *infra*) had not possibly committed any

7 criminal infraction punishable under the California Penal Code by virtue of

8 the Class Members (as that term is defined, *infra*) having driven the 91

9 Express Lanes during the Class Period (as that term is defined, *infra*)

10 without any of the Class Members (as that term is defined, *infra*) having had

11 a valid FasTrak® account because the 23302.5 Violations were entirely civil

12 in nature and did not even possibly constitute a criminal infraction

13 punishable under the California Penal Code.

14       26.     Defendants' knowledge that they were continuously making

15 false accusations of criminality against the Class Members (as that term is

16 defined, *infra*) is even more pointedly demonstrated by the existence of

17 OCTA's Ordinance No. 2010-1 at §§ 2(d) and 3(c)(2) and the parallel

18 requirements of RCTC's Ordinance No. 16-001 § 3(d) (collectively, the

19 23302.5 OCTA/RCTC Ordinances) all during the Class Period (as that term

20 is defined, *infra*).

21       27.     On their face, the 23302.5 OCTA/RCTC Ordinances required,

22 as a matter of law, and at all times during the Class Period (as that term is

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1   defined, *infra*), that the Class Members (as that term is defined, *infra*)

2   neither could nor should be charged by CUSA with anything other than the

3   23302.5 Violations.

4       28.    In addition to the foregoing, the misleading nature of the False

5   Notices has recently been made the subject of a binding judicial admission

6   on the part of CUSA's two principals, OCTA and RCTC, which two

7   governmental agencies, in direct response to a writ petition styled *Sanket*

8   *Thakur, et. al. v. Orange County Transportation Authority, et. al.,* Orange

9   County Superior Court Case No. 30-2018-01025555-CU-WM-CJC,

10  immediately required that CUSA correct the form of the False Notices by

11  substituting replacement forms of such notices (the True Notices) in the

12  place and stead of the False Notices, which substitution was, in fact,

13  accomplished on as of November 1, 2018. Copies of the forms of these True

14  Notices previously provided to the Thakur's counsel by OCTA and RCTC

15  are attached as Group Exhibit 5.

16      29.    On their face, the True Notices now properly identify California

17  Vehicle Code section 23302.5 as the sole and only provision of the

18  California Vehicle Code which any motorists driving the 91 Express Lanes

19  in the future without a valid FasTrak® account may properly be charged

20  with violating.

21      30.    On their face, the True Notices do not market toll-related

22  products and services to nonsubscribers of the 91 Express Lanes.

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    31.    On their face, the False Notices did, however, knowingly

2    market toll-related products and services to the Class (as that term is defined,

3    *infra*), to wit, subscriptions to the 91 Express Lanes, all during the Class

4    Period (as that term is defined, *infra*) and all using the Class' (as that term is

5    defined, *infra*) personally identifiable information (the Protected PII)—as

6    that latter term is defined by California Streets & Highways Code section

7    31490(o)—which Protected PII had initially been collected for enforcement

8    purposes by CUSA acting in its capacity as the transportation agency that

9    operated an electronic toll collection system for OCTA and RCTC with

10   respect to the 91 Express Lanes.

11   32.    Defendants' conduct respecting the False Notices was

12   punishable in every instance by the imposition of mandatory penal fines

13   ranging from $2,500 to $4,000 (the PII Penal Fines) as is otherwise set forth

14   in California Streets & Highways Code section 31490(q)(1)-(2), in that, *inter*

15   *alia*, CUSA, acting in its capacity as the transportation agency that operated

16   an electronic toll collection system for OCTA and RCTC with respect to the

17   91 Express Lanes, knowingly provided the Protected PII to the United States

18   Postal Service or other non-transportation agency in order to market

19   subscriptions to the 91 Express Lanes to the Class (as that term is defined,

20   *infra*).

21   33.    California Streets & Highways Code section 31490(a) forbids

22   Defendants from providing the Protected PII to, *inter alia*, the United States

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    Postal Service or other non-transportation agency unless such conduct is

2    authorized by a specific subdivision of California Streets & Highways Code

3    section 31490.

4         34.    The only specific subdivision of California Streets & Highways

5    Code section 31490 which in any manner contemplates the provision of

6    Protected PII to the United States Postal Service or other non-transportation

7    agency by transportation agencies such as Defendants wherein the Protected

8    PII of a nonsubscriber of an electronic toll collection system may be used,

9    *inter alia*, in order to market toll related products and services, is the second

10   sentence of California Streets & Highways Code section 31490(k).

11        35.    That second sentence of subsection k only authorizes

12   "advertising [to nonsubscribers] of toll-related products or services

13   contained in a notice of toll evasion issued pursuant to Section 23302 of the

14   California Vehicle Code" (the Subsection k Authorization).

15        36.    The Subsection k Authorization does not apply here for the

16   following reasons, among others:

17             a.    At no time during the Class Period (as that term is defined,

18        *infra*) has there ever been any California criminal statute, including but

19        not limited to California Vehicle Code section 23302, which forbade

20        any motorist with valid vehicle license plates properly attached to their

21        vehicles from lawfully driving any toll road in the State of California

22        which, like the 91 Express Lanes, permitted pay-by-plate toll payment.

Complaint for Penal Fines
*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

b.      Rather, at all times during the Class Period (as that term is defined, *infra*) it has always been the case that any motorist's conduct in merely driving a toll road which permits pay-by-plate toll payment with valid vehicle license plates properly attached to that motorist's vehicle but otherwise without that motorist also having a valid FasTrak® account—which latter offense is all that the Class Members (as that term is defined, *infra*) has ever been accused of having done wrong by Defendants at any time during the Class Period (as that term is defined, *infra*)—is a civil, not a criminal offense.

c.      Thus, and again as a matter of law, the False Notices were never properly "issued pursuant to Section 23302 of the California Vehicle Code" because the False Notices were directly contrary to the mandate of the 23302.5 OCTA/RCTC Ordinances, which 23302.5 OCTA/RCTC Ordinances had, consistent with principles of state law preemption respecting criminal law, been passed by the boards of both OCTA and RCTC in the exercise of those boards' respective broad legislative discretion to make the civil (and not penal) California Vehicle Code section 23302.5 the sole and only provision of the California Vehicle Code that CUSA had any right to charge motorists with violating by virtue of such motorists driving the 91 Express Lanes without a valid FasTrak® account during the Class Period (as that term is defined, *infra*).

Complaint for Penal Fines
*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1            d.     Treating California Vehicle Code section 23302 and

2  California Vehicle Code section 23302.5 as being in any manner

3  equivalent statutes for purposes of construing the extent of the

4  Subsection k Authorization would ignore the plain meaning of the

5  Subsection k Authorization in violation of well-established rules of

6  statutory construction. *See, e.g., San Diego Union v. City Council,* 146

7  Cal. App.3d 947, 954 (1983) (citing 58 Cal.Jur.3d, Statutes, § 116, p.

8  505) for the twin propositions that (i) express exceptions to any general

9  statutory rule (here the general statutory rule being that the Protected

10  PII should never be provided to third parties by transportation agencies

11  such as Defendants under any circumstances) should always be strictly

12  and narrowly construed; and (ii) that such express exceptions should

13  never be extended to include things other than those which were clearly

14  contemplated by the actual language of such express exceptions (here

15  that the inapplicable criminal California Vehicle Code section 23302 is

16  not at all the same thing as the applicable civil California Vehicle Code

17  section 23302.5).

18            e.     Treating California Vehicle Code section 23302 and

19  California Vehicle Code section 23302.5 as being in any manner

20  equivalent statutes for purposes of construing the extent of the

21  Subsection k Authorization would also violate strong public policy by

22  arbitrarily denying the Class Members (as that term is defined, *infra*)

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    the full protection of their Protected PII by rewarding Defendants for

2    their knowing use of the False Notices, despite the fact that those False

3    Notices constituted, at a minimum, a multiple series of knowingly

4    misleading statements made all during the Class Period (as that term is

5    defined, *infra*).

6          f.     Defendants are equitably estopped from claiming the

7    benefit of the Section k Authorization due to the fact that the False

8    Notices constituted, at a minimum, a multiple series of knowingly false

9    statements made all during the Class Period (as that term is defined,

10   *infra*).

11                              **Class Allegations**

12   37.    The Class Period is the 380 day period between October 15,

13   2017 and October 31, 2018.

14   38.    The Class is defined as follows: "All natural persons who are

15   both non-California citizens and non-subscribers to the 91 Express Lanes

16   whose Protected PII was used by the Defendants or any of them to send such

17   natural persons any of the False Notices *via* either the United States Postal

18   Service or other non-transportation agency during the Class Period."

19   39.    Members of the Class are hereafter sometimes collectively

20   referred to as the Class Members.

21   40.    Thakur is a member of the Class.

22

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    41.    The identities of the Class Members can be readily ascertained

2    from Defendants' business records.

3    42.    Questions of law and fact common to the Class predominate

4    over questions affecting only its separate Class Members, including, *inter*

5    *alia*:

6            a.    Whether their continuous use of the False Notices during

7    the Class period subjected Defendants to the PII Penal Fines under

8    California Streets & Highways Code section 31490(q)(1)-(2) due to

9    Defendants' corresponding violations of California Streets &

10   Highways Code section 31490(a) given the inapplicability of the

11   Subsection k Authorization to the facts of this case;

12           b.    Whether Defendants may rely on the Subsection k

13   Authorization to cut-off liability under California Streets & Highways

14   Code sections 31490(a), (q)(1)-(2), to the Class for the PII Penal Fines.

15   43.    The claims of Thakur are typical of the claims of the Class.

16   44.    Treating this dispute as a class action is a superior method of

17   adjudication in that Thakur is informed and believes that there are in excess

18   of one hundred thousand (100,000) Class Members (many of whom received

19   multiple False Notices during the Class Period) who collectively are owed

20   not less than two hundred and fifty million dollars ($250,000,000) and as

21   much as one billion dollars ($1,000,000,000) by Defendants.

22

---

13

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1    45.    The average amount owed by Defendants to a typical Class

2    Member is not more than $10,000, which is a small sum standing alone but a

3    large sum in the aggregate.

4    46.    It would be impractical for most of the Class Members to

5    individually address Defendants' wrongdoings.

6    47.    There should be no significant difficulties in managing this case

7    as a class action.

8    48.    Thakur can and will fairly and adequately represent the interests

9    of both the Class and the Class Members.

10    49.    A class action would serve the best interests of both the Class

11    and the Class Members.

12    50.    Thakur has retained competent and experienced counsel, all of

13    whom will vigorously represent the interests of both the Class and the Class

14    Members.

15                       **Sole Claim for Relief**

16    **(Violation of the California Streets & Highways Code by Defendants)**

17    51.    Thakur realleges ¶¶ 1-50.

18    52.    Defendants' conduct as described, *supra*, makes Defendants

19    jointly and severally liable to the Class Members for the PII Penal Fines in

20    the sum of not less than two hundred and fifty million dollars

21    ($250,000,000) and as much as one billion dollars ($1,000,000,000) and

22    according to proof at trial.

1    WHEREFORE, Thakur prays judgment as set forth below:

2        1.    That the Class described herein be certified;

3        2.    That Thakur be appointed as the class representatives and that

4    Thakur's counsel be appointed counsel for both the Class and the Class

5    Members (the Class Counsel);

6        3.    That the Court order that Defendants pay the PII Penal Fines to

7    the Class and the Class Members in the sum of not less than two hundred and

8    fifty million dollars ($250,000,000) and as much as one billion dollars

9    ($1,000,000,000) and according to proof at trial.

10       4.    For an award of attorney's fees and costs to the Class Counsel on

11   either or both a common fund or statutory basis;

12       5.    For such other and further relief as to the Court may seem just.

13   Dated: November 15, 2019        THE CARDOZA LAW CORPORATION
                                   REALLAW PC
14                                      MCGRANE PC

15

16                                      By: /s/ William McGrane
                                       William McGrane
17                                    Attorneys for Plaintiff Sanket Vinod Thakur,
                                 an individual person, on behalf of themselves
18                                    and all other persons and entities similarly
                                 situated

19

20

21

22

15

Complaint for Penal Fines

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

1 <u>**DEMAND FOR JURY TRIAL**</u>

2       Plaintiffs demand for a trial by jury of all issues so triable pursuant to

3 Rule 38 of the Federal Rules of Civil Procedure.

4   Dated: November 15, 2019       THE CARDOZA LAW CORPORATION
                                  REALLAW PC

5                                     MCGRANE PC

6                                   By: <u>/s/ William McGrane</u>

7                                     William McGrane
                            Attorneys for Plaintiff Sanket Vinod Thakur,

8                             an individual person, on behalf of themselves
                            and all other persons and entities similarly

9                             situated

10

11

12

13

14

15

16

17

18

19

20

21

22

1

Demand for Jury Trial

*Thakur v. Cofiroute USA, LLC, et al.*, Case No.

# EXHIBIT 1

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

10
11

| | |
|---|---|
| 12  MATHEW SKOGEBO, an individual person, et al., | Case No. 8:19-CV-00739-AG-JDEx<br>Judge: Hon. Andrew J. Guilford |
| 13 | |
|        Plaintiffs, | **CLASS ACTION** |
| 14    v. | |
| 15  COFIROUTE USA, LLC, a Delaware Limited Liability Company, et al. | **JUDGMENT** |
| 16 | |
|        Defendants. | |
| 17 | |

18
19
20
21
22
23
24
25
26
27
28

1        It is adjudged that Plaintiffs Mathew Skogebo and Sanket Vinod

2   Thakur's action be dismissed without prejudice pursuant to Federal Rule of

3   Civil Procedure 12(b)(1).

4

5   Dated: November 5, 2019

6                       Hon. Andrew J. Guilford

                          United States District Court

7                       Central District of California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Judgment

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*, Case No. 8:19-CV-00739-AG-JDEx

# EXHIBIT 2

| | | |
|---|---|---|
| 1 | WILLIAM MCGRANE [057761] | STEPHEN BUNDY [253017] |
| | MATTHEW SEPUYA [287947] | STEPHEN BUNDY LAW |
| 2 | MCGRANE PC | OF COUNSEL |
| | Four Embarcadero Center, 14th Floor | 92 Hazel Road |
| 3 | San Francisco, CA 94111 | Berkeley CA 94705 |
| | Telephone: (415) 292-4807 | Telephone: (510) 912-7707 |
| 4 | william.mcgrane@mcgranepc.com | sbundy@stephenbundylaw.com |
| 5 | matthew.sepuya@mcgranepc.com | |

MICHAEL J. HASSEN [124823]
REALLAW, APC
1981 N. Broadway, Suite 280
Walnut Creek, CA 94596
Telephone: (925)-359-7500
mjhassen@reallaw.us

Attorneys for Plaintiffs Mathew Skogebo, an individual
person and Sanket Vinod Thakur, an individual person, on
behalf of themselves and all other persons similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| MATHEW SKOGEBO, an individual person, et al., | Case No. 8:19-CV-00739-AG-JDEx |
| | Judge: Hon. Andrew J. Guilford |
| Plaintiffs, | **CLASS ACTION** |
| v. | |
| COFIROUTE USA, LLC, a Delaware Limited Liability Company, et al. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT** |
| Defendants. | [Fed. R. Civ. Pro. 60(b)] |
| | Date:        December 9, 2019 |
| | Time:        10:00 a.m. |
| | Courtroom:  10D |

Plaintiffs' Notice of Motion and Motion for Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

1    **PLEASE TAKE NOTICE** that on December 9, 2019, 2019 at 10:00

2    a.m. in Department 10D of the United States District Court, Central District

3    of California-Southern Division, Plaintiffs Mathew Skogebo and Sanket

4    Vinod Thakur will and hereby do move for relief from the judgment against

5    them as presently set forth in Dkt 71, all pursuant to Rule 60(b), Federal

6    Rules of Civil Procedure.

7            This motion is based on this Notice, the concurrently filed

8    Memorandum of Points and Authorities in Support of Motion, etc., and any

9    other oral and documentary evidence as may be presented at the time of

10   hearing.

11   Dated: November 7, 2019          REALLAW, APC
                                       MCGRANE PC
12

13                                     By: /s/ William McGrane
                                           William McGrane
14                                     Attorneys for Plaintiffs Mathew Skogebo, an
                                       individual person, and Sanket Vinod Thakur,
15                                     an individual person, on behalf of themselves
                                       and all other persons and entities similarly
16                                     situated

17

18

19

20

21

22

---

1

Plaintiffs' Notice of Motion and Motion for Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

# EXHIBIT 3

<table>
<tr>
<td>1</td>
<td>WILLIAM MCGRANE [057761]<br>MATTHEW SEPUYA [287947]</td>
<td>STEPHEN BUNDY [253017]<br>STEPHEN BUNDY LAW</td>
</tr>
<tr>
<td>2</td>
<td>MCGRANE PC</td>
<td>OF COUNSEL</td>
</tr>
<tr>
<td>3</td>
<td>Four Embarcadero Center, 14th Floor<br>San Francisco, CA 94111</td>
<td>92 Hazel Road<br>Berkeley CA 94705</td>
</tr>
<tr>
<td>4</td>
<td>Telephone: (415) 292-4807<br>william.mcgrane@mcgranepc.com</td>
<td>Telephone: (510) 912-7707<br>sbundy@stephenbundylaw.com</td>
</tr>
<tr>
<td>5</td>
<td>matthew.sepuya@mcgranepc.com</td>
<td></td>
</tr>
<tr>
<td>6</td>
<td>MICHAEL J. HASSEN [124823]<br>REALLAW, APC</td>
<td></td>
</tr>
<tr>
<td>7</td>
<td>1981 N. Broadway, Suite 280<br>Walnut Creek, CA 94596</td>
<td></td>
</tr>
<tr>
<td>8</td>
<td>Telephone: (925)-359-7500</td>
<td></td>
</tr>
<tr>
<td>9</td>
<td>mjhassen@reallaw.us</td>
<td></td>
</tr>
</table>

Attorneys for Plaintiffs Mathew Skogebo, an individual person and Sanket Vinod Thakur, an individual person, on behalf of themselves and all other persons similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

<table>
<tr>
<td>MATHEW SKOGEBO, an individual person, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COFIROUTE USA, LLC, a Delaware Limited Liability Company, et al.<br><br>Defendants.</td>
<td>Case No. 8:19-CV-00739-AG-JDEx<br>Judge: Hon. Andrew J. Guilford<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**<br>[Fed. R. Civ. Pro. 60(b)]<br><br>Date:        December 9, 2019<br>Time:        10:00 a.m.<br>Courtroom: 10D</td>
</tr>
</table>

# DISCUSSION

In ordering this case dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, the Court said: "The plain text of 28 U.S.C. Section 1332(d)(4)(B) requires only that the Defendant be a citizen of California, not that California be its only citizenship. *See* 28 U.S.C. § 1332(d)(4)(B)." Dkt 69 at page 3.[1]

This conclusion is inconsistent with both the language of the (d)(4)(B) Exception and the legislative policies governing its construction. Thus, the (d)(4)(B) Exception requires that all primary defendants be "citizens of *the* State in which the action was originally filed" (*italics* added). The dictionary definition of the definite article "the" is that "the … [is] a function word [used] to indicate that a following noun or noun equivalent is definite or

---

[1] This Rule 60(b) motion is brought on grounds of surprise and excusable neglect. *See, e.g., Sch. Dist. No. 1J, Multnomah Cty, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Surprise is present because the circuit court precedent the Court says addresses only exceptions to original CAFA jurisdiction demonstrably addresses only original CAFA jurisdiction instead. Compare Dkt 69 at p. 4 with Dkt 63 at 2:1-7. Excusable neglect is present because the linguistic problems Plaintiffs contend apply to the Court's "plain text" holding didn't become relevant until Dkt 69 first dismissed this case on grounds that 28 U.S.C. § 1332(d)(4)(B) (hereafter "the (d)(4)(B) Exception") definitely—not just apparently—didn't require that California be CUSA's only citizenship for CUSA and its co-defendants to all be entitled to the benefit of that (d)(4)(B) Exception. *Compare* Dkt 69 at p. 3 (final ruling with no "apparently" qualifier applied to the (d)(4)(B) Exception) *with* Dkt 63 at pp. 11-12 (tentative ruling with an "apparently" qualifier applied to the (d)(4)(B) Exception).

Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

1  has been previously specified by context or by circumstance."

2  https://www.merriam-webster.com/dictionary/the.

3         In drafting the language of 28 U.S.C. § 1332(d)(4)(B), Congress made

4  the noun following the definite article "the" be the word "State" as in "the

5  State." Plaintiffs contend that Congress' use of that phrase—*i.e.*, "the

6  State"—evidenced Congress' intent that only 'citizens of the State', meaning

7  some definite State, should be permitted to employ the (d)(4)(B) Exception.

8  Had Congress instead wished to make the (d)(4)(B) Exception cover dual

9  citizens, then Congress could and should have made any and all 'citizens of

10 *a* State in which the action was originally filed' (*italics* added) be the subject

11 of that (d)(4)(B) Exception.

12        Why?

13        Because for (d)(4)(B) Exception purposes—and taking into account

14 the polar opposite meanings of the definite article ("the") versus the

15 indefinite article ("a")[2]—a dual citizen can never be a citizen of "the State

16 where an action was originally filed" in that a dual citizen, by definition, (i)

17 is a citizen of '*a* State' in which the action *was* originally filed *and* (ii) is

18 simultaneously a citizen of '*a* State' in which the action *wasn't* originally

19 filed (all *italics* added). Meaning that—while CUSA would hypothetically

20 be entitled to (d)(4)(B) Exception coverage had the (d)(4)(B) Exception's

21  ―――――――――――――
   [2] *Compare* https://www.merriam-webster.com/dictionary/the *with*
22  https://www.merriamwebster.com/dictionary/indefinite%20article

Plaintiffs' Memorandum of Points and Authorities in Support of Motion for
Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

1   trigger language referenced 'citizens of *a* State in which the action was

2   originally filed' (*italics* added)—in the real world CUSA hasn't got any

3   entitlement to (d)(4)(B) Exception coverage because the trigger language of

4   the (d)(4)(B) Exception only references "citizens of *the* State in which the

5   action was originally filed" (*italics* added).

6        Even if subjectively unconvinced that its prior dismissal of this case

7   was error, the Court still must address and decide the questions raised by

8   Plaintiffs' linguistic analysis of the (d)(4)(B) Exception the same way it's

9   mandated to address and resolve any and all questions about exceptions to

10   original CAFA jurisdiction—*viz.*, in favor of the Court retaining its original

11   CAFA jurisdiction over this case. *See* Dkt 63 at 2:19-3:17, where it is said:

12
13       CAFA's primary objective is to "ensur[e] Federal court consideration of
      interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*,
      568 U.S. 588, 595 (2013). That purpose is reflected not only in the basic
14       jurisdictional grant of (d)(2)(B), but also in (d)(10), which expanded
      diversity subject matter jurisdiction in class actions with respect to
15       unincorporated associations and which "must be understood as part of the
      legislation's sponsors' intent to move as many class and mass actions as
16       possible to the federal courts." 13F Wright & Miller, Fed. Prac. & Proc.
      Jurisdiction, § 3623 (3d ed. 2019). Additionally, and because (d)(4)(B) is an
17       exception to (d)(2), it must be construed narrowly. CAFA's "Congressional
      sponsors … repeatedly emphasized the breadth of CAFA, while insisting
18       that each exception must be construed narrowly." Coffey v. *Ripple Labs,*
      *Inc.,* 333 F.Supp. 3d 952, 962 (N.D. Cal. 2018) (quoting *New Jersey*
19       *Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4*,
      581 F. Supp. 2d 581, 585 (S.D.N.Y 2008)); *Westerfeld v. Independent*
20       *Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (discussing the
21       legislative history supporting a broad reading of the jurisdictional grant and
      a narrow reading of the exceptions).
22

Plaintiffs' Memorandum of Points and Authorities in Support of Motion for
Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

1    Where a legislative policy strongly *disfavors* the exercise of diversity

2    jurisdiction, there is ample authority requiring that the court take account of

3    both citizenships of all dual citizens and refuse to extend 28 U.S.C.

4    § 1332(a)(1) jurisdiction if any one of those citizenships leads to a finding of

5    no complete diversity. Where, as here (i) legislative policy strongly *favors*

6    the exercise of diversity jurisdiction; (ii) original CAFA jurisdiction exists;

7    and (iii) the Court must ultimately determine whether an exception to that

8    original CAFA jurisdiction applies, the Court must and should take into

9    account all citizenships of every dual citizen—whether that person is a

10   plaintiff class member or a principal defendant—for (d)(4)(B) Exception

11   purposes.

12   Why?

13   Because—subject only to certain Article III problems that are clearly

14   not relevant here (*see* n.1, *supra*)—it is axiomatic that Congress fully

15   intended that CAFA minimum diversity jurisdiction be as broad as complete

16   diversity jurisdiction is narrow.

17                          **CONCLUSION**

18   Plaintiffs' linguistic criticism of the Court's plain meaning

19   construction of the (d)(4)(B) Exception isn't contrived. Rather, and from a

20   plain text standpoint, Plaintiffs' construction of that (d)(4)(B) Exception is at

21   least as intuitive a reading of the plain text of that (d)(4)(B) Exception as is

22

Plaintiffs' Memorandum of Points and Authorities in Support of Motion for
Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

1  the Court's present construction of same. For the Court to reject Plaintiffs'

2  plain text narrow construction of the (d)(4)(B) Exception in favor of its own

3  competing and much broader plain text construction that same (d)(4)(B)

4  Exception would be a plain text error on the Court's part.

5  Dated: November 7, 2019                    REALLAW, APC
                                              MCGRANE PC
6

7                                            By: /s/ William McGrane
                                                  William McGrane
8                                            Attorneys for Plaintiffs Mathew Skogebo, an
                                             individual person, and Sanket Vinod Thakur,
9                                            an individual person, on behalf of themselves
                                             and all other persons and entities similarly
                                             situated
10

11

12

13

14

15

16

17

18

19

20

21

22

---

5

Plaintiffs' Memorandum of Points and Authorities in Support of Motion for
Relief from Judgment

*Skogebo v. Cofiroute USA, LLC*, Case No. 8:19-CV-00739-AG-JDEx

# GROUP

# EXHIBIT 4

low



## Notice of Toll Evasion Violation
Notice Mailing Date: August 22 2018

NTEVC7571861V248751431



**AUTO**MIXED   **6** 000002105

| | |
|---|---|
| Violation Number | ███████ |
| Vehicle License Plate | ███████ |
| Year and Make | |
| Entry Date and Time | 08/18/2018  12:22:45 PM |
| Toll Point Date and Time | 08/18/2018  12:25:30 PM |
| Location | 91W 15N Co. Line L#3 |

Our records indicate that on the date, time and location listed above, the vehicle identified above was traveling on the 91 Express Lanes without a valid transponder being detected. California Vehicle Code section 23302(b) requires that all vehicles, including carpools with three or more passengers, using the 91 Express Lanes have a FasTrak® transponder tied to an account with a balance sufficient to pay the toll amount. **Failure to pay the amount due or properly respond before the due date will result in additional penalties, fees and collection action as provided by law.**

**91 EXPRESS LANES ACCOUNT HOLDERS:** If you are a customer in good standing and have failed to update your account with the vehicle listed above, or your payment card has been cancelled, lost, stolen or expired, or if you believe you received this violation notice in error, contact the Customer Service Center at (800) 600-9191 or provide the updated information on the certificate below.

**OTHER AGENCY ACCOUNT HOLDERS:** Contact your FasTrak® agency and add the plate to your account with an effective date before this violation date. Return the certificate below indicating you have a valid FasTrak® account with another California toll agency and your account was in good standing at the time of travel.

**NON-ACCOUNT HOLDERS:** Now that you have discovered the timesaving benefits the 91 Express Lanes provide, we encourage you to become a customer. Opening an account is easy - call us at (800) 600-9191. Sign-up within 15 days from the Notice Mailing Date and we will apply the $25.00 non-refundable penalty towards prepaid tolls on your new account.

### IN ORDER TO AVOID FURTHER NOTICES AND PENALTIES, IT IS IMPORTANT TO DO ONE OF THE FOLLOWING:

- Provide a valid 91 Express Lanes account number, and/or updated payment card information, or
- Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form **WITHIN 30 DAYS** from the Notice Mailing Date printed above, or
- Pay the amount due. Payments can be made online at www.91expresslanes.com or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817. Payment must be received by 5:00 p.m. on the due date.

| Description | Due | After  10/07/2018 |
|---|---|---|
| Toll | $2.85 | $2.85 |
| Penalty | $25.00 | $55.00 |
| **Total Due** | **$27.85** | **$57.85** |
| **Due Date** | 09/21/2018 | 11/20/2018* |

* If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year. You may also be responsible for court costs if these penalties are collected through the courts. In addition to monetary penalties, if you use the 91 Express Lanes without a valid account and a properly mounted transponder, you may be subject to a citation from the California Highway Patrol. We recommend that you retain a copy of all correspondence with our agency.

### PAYMENT CERTIFICATE

| Violation # | ███████ | | Vehicle License | ███████ |
|---|---|---|---|---|
| **Total Due Before** 09/21/2018 | | $27.85 | Year / Model | ███████ |

(Please correct name and address if necessary)
Pay online at www.91expresslanes.com

(Make check or money order payable to 91 Express Lanes.  **DO NOT MAIL CASH.**)

☐ Please charge $_____ to my credit card below: (Check One) ☐ American Express  ☐ Visa  ☐ MasterCard  ☐ Discover
My card was lost, stolen, expired, or cancelled. Please update as follows: ☐ Add as my primary default card  ☐ Add as an additional card
Credit Card Number: _____   Expiration (MM/YY): ___ / ___

☐ I have a valid *FasTrak*® account with another California toll facility operator and the vehicle referenced above is listed on my account:
(Check One) ☐ The Toll Roads,  ☐ Metro ExpressLanes,  ☐ Bay Area,  ☐ I-15,  ☐ Other _____
ExpressAccounts® from The Toll Roads is not valid on the 91 Express Lanes. We cannot adjust this transaction, and the full penalty plus the toll amount is due.

☐ I have a valid 91 Express Lanes account. Add this vehicle to my account. Account Holder's signature and Account Number are required.
**Please Note:** If your FasTrak® account was not in good standing on the date/time of this violation, and this license plate is not listed on your account, we cannot adjust this transaction, and the full penalty plus the toll amount is due.

Printed Name of Account Holder _____   Account Holder Signature Required _____   Account Number _____   Date _____

NTEVC7571861V248751431



**Notice of Delinquent Toll Evasion Violation**
Notice Mailing Date: May 23 2018

NDTEVC7141905V234587414

| | |
|---|---|
| Violation Number | |
| Vehicle License Plate | |
| Year and Make | |
| Entry Date and Time | 04/14/2018  8:25:20 PM |
| Toll Point Date and Time | 04/14/2018  8:30:50 PM |
| Location | 91E 55-Co. Line L#1 |

ılılıı|ıllıı·|ıll·ılıı||llılıllıllıılıllılılılılılıılıı
***************AUTO**MIXED AADC 926  7  000001759

In a *Notice of Toll Evasion* Violation letter dated **04/17/2018** you were informed that the vehicle identified above was traveling on the 91 Express Lanes without a valid FasTrak® transponder being detected. You were also informed that you had 30 days to respond to the notice but we have not yet received a response. California Vehicle Code Section 23302 (b) requires that all vehicles, including carpools with three or more passengers, using the 91 Express Lanes have a FasTrak® transponder tied to an account with a balance sufficient to pay the toll amount. Failure to pay the amount due or properly respond before the due date will result in additional penalties and fees and collection action as provided by law.

**91 EXPRESS LANES ACCOUNT HOLDERS:** If you are a customer in good standing and have failed to update your account with the vehicle listed above, or your payment card has been cancelled, lost, stolen or expired, or if you believe you received this violation notice in error, contact the Customer Service Center at (800) 600-9191 or provide the updated information on the certificate below.

**OTHER AGENCY ACCOUNT HOLDERS:** Contact your FasTrak® agency and add the plate to your account with an effective date before this violation date. Return the certificate below indicating you have a valid FasTrak® account with another California toll agency and your account was in good standing at the time of travel.

**NON-ACCOUNT HOLDERS:** Now that you have discovered the timesaving benefits the 91 Express Lanes provide, we encourage you to become a customer. Opening an account is easy - call us at (800) 600-9191. Sign-up within 15 days from the Notice Mailing Date and we will apply the $25.00 non-refundable penalty towards prepaid tolls on your new account.

**IN ORDER TO AVOID FURTHER NOTICES AND PENALTIES, IT IS IMPORTANT TO DO ONE OF THE FOLLOWING:**

- Provide a valid 91 Express Lanes account number, and/or updated payment card information, or
- Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form **WITHIN 60 DAYS** from the Notice Mailing Date printed above, or
- Pay the amount due. Payments can be made online at **www.91expresslanes.com** or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817. Payment must be received by 5:00 p.m. on the due date.

| Description | Due | After  06/07/2018 | After  07/22/2018 |
|---|---|---|---|
| Toll | $0.00 | $0.00 | $0.00 |
| Penalty | $25.00 | $55.00 | $80.00 |
| Total Due | $25.00 | $55.00 | $80.00 |
| Due Date | 06/07/2018 | 07/22/2018* | |

*If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year. You may also be responsible for court costs if these penalties are collected through the courts. In addition to monetary penalties, if you use the 91 Express Lanes without a valid account and a properly mounted transponder, you may be subject to a citation from the California Highway Patrol. *We recommend that you retain a copy of all correspondence with our agency.*

---

**PAYMENT CERTIFICATE**

| | | | |
|---|---|---|---|
| Violation # | | Vehicle License | |
| Total Due Before  06/07/2018 | $25.00 | Total Due After  06/07/2018 | $55.00 |

(Make check or money order payable to 91 Express Lanes.  **DO NOT MAIL CASH.**)

*(Please correct name and address if necessary)*
**Pay online at www.91expresslanes.com**

☐ Please charge $_____ to my credit card below:  *(Check One)* ☐ American Express   ☐ Visa   ☐ Master Card   ☐ Discover

My card was lost, stolen, expired, or cancelled. Please update as follows: ☐ Add as my primary default card   ☐ Add as an additional card

Credit Card Number: _____     Expiration (Month/Year): ☐☐ / ☐☐

☐ I have a valid **FasTrak®** account with another California toll facility operator and the vehicle referenced above is listed on my account:
*(Check One)* ☐ The Toll Roads, ☐ Metro ExpressLanes, ☐ Bay Area, ☐ I-15, ☐ Other _____
*ExpressAccounts® from The Toll Roads is not valid on the 91 Express Lanes, we cannot adjust this transaction, and the full penalty plus the toll amount is due.*

☐ I have a valid **91 Express Lanes** account. Add this vehicle to my account. Account Holder's signature and Account Number are required.
*Please Note: If your FasTrak® account was not in good standing on the date/time of the violation, and the license plate is not listed on your account, we cannot adjust this transaction, and the full penalty plus the toll amount is due.*

| | | | |
|---|---|---|---|
| Printed Name of Account Holder | Account Holder Signature Required | Account Number | Date |
| | | 12?10667 | 7005014 |

NDTEVC7141905V234587414
GP2D0009

**91 Express Lanes Violation Processing Center**
P.O. Box 68039 • Anaheim • California 92817

# GROUP

# EXHIBIT 5

# Notice of Toll Evasion Violation

**Notice Mailing Date:** November 01 2018

*NTEVC7818862V257109540*

\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*ALL FOR AADC 923  3  000000505

| | |
|---|---|
| Violation Number | |
| Vehicle License Plate | |
| Year and Make | |
| Entry Date and Time | 10/29/2018  5:10:49 PM |
| Toll Point Date and Time | 10/29/2018  5:23:31 PM |
| Location | 91E Co. Line-McKinley L#3 |

Our records indicate that on the date, time and location listed above, the vehicle identified was traveling on the 91 Express Lanes without payment of required toll(s) in violation of California Vehicle Code Section 23302.5. This violation is being enforced as a civil penalty pursuant to California Vehicle Code Sections 23302.5 and 40250, et. seq. Please be advised that all vehicles must have a FasTrak® transponder registered to an account with a balance sufficient to pay the toll amount. **Failure to pay the amount due or properly respond before the due date will result in additional penalties, fees and collection action as provided by law.**

### RESOLVE BEFORE THE FIRST DUE DATE TO AVOID ADDITIONAL PENALTIES

- **Pay the amount due.** Payments can be made online at www.91expresslanes.com or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817.

- **91 Express Lanes account holders with a valid account at the time of the violation, add the vehicle to your account.** Complete and return the certificate below or call the customer service center at (800) 600-9191 to update your account.

- **Account holders with a valid account with another California Toll Agency, contact your account holding agency to add the vehicle to your account with a date prior to the violation date.** If the account was not valid at the time of the violation, please call us at (800) 600-9191.

- **Complete an Affidavit of Non-Liability or Request an Administrative Investigation.** Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form within 30 days from the Notice Mailing Date.

| Description | Due | After  12/17/2018 |
|---|---|---|
| Toll | $4 05 | $4 05 |
| Penalty | $25.00 | $55.00 |
| **Total Due** | **$29.05** | **$59.05** |
| **Due Date** | **12/01/2018** | **01/30/2019\*** |

\*If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year.  You may also be responsible for court costs if these penalties are collected through the courts.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### PAYMENT CERTIFICATE

| | | | |
|---|---|---|---|
| *Violation #:* | | *Vehicle License:* | |
| ***Total Due Before:*** ***12/01/2018*** | $29.05 | *Year / Model:* | |

*(Please correct name and address if necessary)*

**Pay online at www.91expresslanes.com**

☐  Please charge $_____ to my credit card below:   *(Check One)* ☐ American Express   ☐ Visa   ☐ MasterCard   ☐ Discover
     My card was lost, stolen, expired, or cancelled. Please update as follows: ☐ Add as my primary default card      ☐Add as an additional card
     Credit Card Number: _____   Expiration (Month/Year):  [  ] / [  ]

☐  I have a valid **91 Express Lanes** account. Add this vehicle to my account.  Account Holder's signature and Account Number are required. If your
     account was not in good standing, the toll will not be eligible for payment from your account.

| *Printed Name of Account Holder* | *Account Holder Signature Required* | *Account Number* | *Date* |
|---|---|---|---|
| | | 13198009 | 7959169 |

1355855.1

# Notice of Delinquent Toll Evasion Violation

**Notice Mailing Date:** November 01 2018

*NDTEVC7638373V250671364*



`************AUTO**ALL FOR AADC 923  5  000001153`

| | |
|---|---|
| Violation Number | ▮▮▮▮ |
| Vehicle License Plate | ▮▮▮▮ |
| Year and Make | ▮▮▮▮ |
| Entry Date and Time | 09/04/2018   6:08:49 PM |
| Toll Point Date and Time | 09/04/2018   6:14:19 PM |
| Location | 91E 55-Co. Line L#2 |

In a *Notice of Toll Evasion Violation* letter dated **09/11/2018**, you were informed that the vehicle identified above was traveling on the 91 Express Lanes without payment of required toll(s) in violation of California Vehicle Code Section 23302.5. This violation is being enforced as a civil penalty pursuant to California Vehicle Codes Sections 23302.5 and 40252, et. seq. Please be advised that all vehicles must use a FasTrak® transponder registered to an account with a balance sufficient to pay the toll amount. **Failure to pay the amount due or properly respond before the due date will result in additional penalties, fees and collection action as provided by law.**

### RESOLVE BEFORE THE FIRST DUE DATE TO AVOID ADDITIONAL PENALTIES

- **Pay the amount due. Payments can be made online at www.91expresslanes.com or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817.**

- **91 Express Lanes account holders with a valid account at the time of the violation, add the vehicle to your account.** Complete and return the certificate below or call the customer service center at (800) 600-9191 to update your account.

- **Account holders with a valid account with another California Toll Agency, contact your account holding agency to add the vehicle to your account with a date prior to the violation date.** If the account was not valid at the time of the violation, please call us at (800) 600-9191.

- **Complete an Affidavit of Non-Liability or Request an Administrative Investigation.** Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form within 60 days from the Notice Mailing Date.

| Description | Due | After 11/16/2018 | After 12/31/2018 |
|---|---|---|---|
| *Toll* | $3.85 | $3.85 | $3.85 |
| *Penalty* | $25.00 | $55.00 | $80.00 |
| *Total Due* | **$28.85** | **$58.85** | **$83.85** |
| *Due Date* | **11/16/2018** | **12/31/2018\*** | |

\*If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year. You may also be responsible for court costs if these penalties are collected through the courts.

### PAYMENT CERTIFICATE



| | Violation #: | ▮▮▮ | Vehicle License: | ▮▮▮ |
|---|---|---|---|---|
| | **Total Due Before: 11/16/2018** | $28.85 | **Total Due After: 11/16/2018** | $58.85 |

*(Please correct name and address if necessary)*
Pay online at **www.91expresslanes.com**

*(Make check or money order payable to 91 Express Lanes.* **DO NOT MAIL CASH.)**

☐ Please charge $_____ to my credit card below:  *(Check One)* ☐ American Express ☐ Visa ☐ MasterCard ☐ Discover

My card was lost, stolen, expired, or cancelled. Please update as follows: ☐ Add as my primary default card ☐ Add as an additional card

Credit Card Number: _____  Expiration (Month/Year): ☐☐ / ☐☐

☐ I have a valid **91 Express Lanes** account. Add this vehicle to my account. Account Holder's signature and Account Number are required. If your account was <u>not</u> in good standing, the toll will not be eligible for payment from your account.

_____   _____   _____   _____
*Printed Name of Account Holder*   *Account Holder Signature Required*   *Account Number*   *Date*

13445099                    7956546