**O**

# United States District Court
# Central District of California

| | |
|---|---|
| SANKET VINOD THAKUR, an individual person on behalf of himself and all other persons and entities similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>COFIROUTE USA, LLC, et al.,<br><br>             Defendants. | Case № 8:19-cv-02233-ODW (JDEx)<br><br>**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF SPECIAL MASTER TO GRANT DEFENDANTS' MOTION TO DISMISS [31] AND TO DENY DEFENDANTS' MOTION TO STAY ACTION [33]** |

## I.    INTRODUCTION

On December 21, 2020, the Honorable Andrew J. Guilford (ret.), pursuant to his designation as the Special Master in the above-captioned matter, (*see* Order Appointing Special Master, ECF No. 55), issued a Report and Recommendation Regarding Defendants' Joint Motions to Dismiss and to Stay the Action, which are currently pending.  (Special Master R. & R. ("Report"), ECF No. 62; *see also* Mot. Dismiss, ECF No. 31; Mot. Stay, ECF No. 33.)  In short, the Special Master recommends granting Defendants' Motion to Dismiss with prejudice and denying Defendants' Motion to Stay as moot.  (*See* Report 7–8.)

On January 11, 2021, Plaintiff Sanket Vinod Thakur filed Objections to the Report. (Thakur's Objs. to Report ("Objs."), ECF No. 63.) Notably, Thakur does not object to the Special Master's recommendation to dismiss Thakur's claims. (*See id*.) Rather, Thakur objects to (1) the recommendation to dismiss without leave to amend, and (2) various portions of the Report which Thakur describes as "dicta." (*See id.*) Defendants Orange County Transportation Authority ("OCTA"), Riverside County Transportation Commission ("RCTC"), and Cofiroute USA, LLC ("Cofiroute") filed a Joint Response to Plaintiff's Objections, urging the Court to overrule them. (Defs.' Resp. to Objs. ("Resp."), ECF No. 64.) The time for filing further objections has now passed, and the matter is ripe for adjudication. *See* Fed. R. Civ. P. 53(f)(2).

For the reasons that follow, Thakur's Objections are **OVERRULED**; the Court **ACCEPTS** and **ADOPTS** the Special Master's Report in its entirety; Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED without leave to amend**; and Defendants' Motion to Stay (ECF No. 33) is **DENIED** as moot.[1]

## II.     BACKGROUND

Defendants OCTA and RCTC are local public entities that share ownership of the 91 Express Lanes, a toll highway that employs an electronic toll collection system. (*See* Corrected First Am. Compl. ("FAC") ¶¶ 3–4, 25–27, ECF No. 25.) OCTA and RCTC employ Cofiroute to collect tolls and operate the entire 91 Express Lanes. (*See* FAC ¶ 28.)

According to Thakur, Defendants require a FasTrak account to use the 91 Express Lanes. (Opp'n to Defs.' Joint Mot. to Dismiss ("MTD Opp'n") 5, ECF No. 35.) On August 22, 2018, Thakur drove on the 91 Express Lanes without a FasTrak account. (FAC ¶ 9.) As a result, Cofiroute sent him a Notice of Toll Evasion Violation ("Notice"). (*See* FAC ¶ 36.) Thakur alleges that the Notice improperly accused him of

---

[1] After considering the papers filed in connection with the Motions and Report, the Court deemed the matters appropriate for decision without further oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

committing a criminal infraction of California Vehicle Code section 23302(b).   (FAC ¶ 37; MTD Opp'n 6–7.)   Rather, Thakur claims that his actions constituted, at most, a civil violation of Vehicle Code section 23302.5.   (*See* FAC ¶¶ 38, 42.)

The crux of Thakur's claims is that Defendants, through their Notices, improperly solicited the putative class to become FasTrak customers after they drove on the 91 Express Lanes without a FasTrak account.   (*See* MTD Opp'n 6–7.)   California Streets and Highways Code section 31490(k) prohibits "us[ing] a nonsubscriber's personally identifiable information obtained using an electronic toll collection . . . system to market products or services to that nonsubscriber."   Cal. Streets & Highways Code § 31490(k).   That section also carves out an exception to this prohibition, however, for "toll-related products or services contained in a notice of toll evasion issued pursuant to Section 23302 of the Vehicle Code."   *Id.*   Here, Thakur claims certain OCTA and RCTC Ordinances regarding the administration of tolls and enforcement of toll violations instruct that all violations must be charged under section 23302.5, not section 23302. (FAC ¶¶ 35, 40.)   Thus, by sending the Notices, Thakur accuses Defendants of "illegally marketing services to the Class Members in derogation of their rights to privacy pursuant to . . . section 31490(k)."   (MTD Opp'n 8.)

On August 5, 2020, the Court partially granted a motion by Thakur to appoint the Special Master in this case for the purposes of providing the Report with respect to Defendants' pending Motion to Dismiss and Motion to Stay.   (*See* Order Appointing Special Master.)   Having now received the Report, Thakur's Objections thereto, and Defendants' Response to the Objections, the Court considers whether to adopt the Special Master's recommendations.

### III.   SUMMARY OF SPECIAL MASTER'S REPORT

First, the Special Master recommends granting Defendants' Motion to Dismiss. (Report 7–8.)   On this point, the Special Master explains he would "likely" recommend dismissal because (1) no actual controversy exists entitling Thakur to declaratory relief under his first cause of action; and (2) Thakur's other claims are time-barred, and the

1  history of forum shopping by Thakur and his counsel would preclude equitable tolling.
2  (*Id.* 8–9.)  Ultimately, though, the Special Master recommends dismissing the FAC
3  because he concludes that Thakur misinterprets the statutes and ordinances upon which
4  his claims rely.  (*Id.* 9–13.)

5        Second, the Special Master recommends dismissal without leave to file a Second
6  Amended Complaint.  (*Id.* 8.)  In his Report, the Special Master notes that Thakur did
7  not request leave to amend in any briefs submitted to the Special Master.  (*Id.* 13.)  At
8  the oral hearing before the Special Master, however, "Thakur's counsel insisted that,
9  while he was not sure it would result in anything fruitful, he should be permitted an
10  opportunity for time to amend his complaint to explore whether the language
11  differences in the statues and ordinances might matter to his claims."  (*Id.*)  After
12  permitting lengthy oral argument, the Special Master concluded that "Thakur's
13  counsel's arguments at the hearing attempting to draw a distinction between 'evade'
14  and 'fail to pay' in a manner to argue that it supports his claims were not persuasive,
15  nor were his requests for more time to develop potential arguments regarding these
16  differences in language."  (*Id.*)  Thus, the Special Master recommends dismissing with
17  prejudice.

18        Lastly, the Special Master recommends denying Defendants' Motion to Stay.
19  (*Id.* 7.)  Although the Special Master declined to consider the Motion to Stay on the
20  merits, the Special Master ultimately concluded the Motion to Stay is rendered moot by
21  granting the Motion to Dismiss.  (*Id.*)

22                    **IV.   JUDICIAL NOTICE**

23        In connection with the Motion to Dismiss, the parties requested the Court take
24  judicial notice of several documents, including the filings and orders issued in the
25  myriad cases related to this action,[2] as well as copies of the relevant OCTA and RCTC

26

27  ───────────────
   [2] The history of relevant litigation has been detailed by the Court (and the Special Master) numerous
28  times.  The Court need not recite every case number here, as the procedural history is largely irrelevant
   for present purposes.  To the extent the procedural history is relevant, the Court refers to and

                                    4

ordinances at issue in this case.  (Defs.' Req. for Judicial Notice ("Defs.' RJN"), ECF No. 31-1; Thakur's Req. for Judicial Notice ("Thakur's RJN"), ECF No. 36.)

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Accordingly, the Court "may take notice of proceedings [and related filings] in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the filings, orders, and ordinances submitted by the parties are directly related to matters at issue in this case.  Thus, to the extent the Court relies on the submitted documents, Court hereby takes judicial notice of them.  The Court does not, however, take judicial notice of reasonably disputed facts in the judicially noticed documents.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## V.    LEGAL STANDARDS

Before accepting or adopting a Special Master's report and recommendation, "[t]he court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate [otherwise]." Fed. R. Civ. P. 53(f)(3).  Similarly, "[t]he Court must decide de novo all objections to conclusions of law made or recommended by a master." Fed. R. Civ. P. 53(f)(4).  In contrast, "the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5).

Additionally, a court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To

---

incorporates by reference the procedural background outlined by the Special Master in his Report, which largely draws on the Court's prior orders explaining the same.  (Report 3–5.)

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Leadsinger, Inc. v. BMC Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## VI.   DISCUSSION

Following a de novo review pursuant to Rules 53(f)(3)–(4), the Court accepts and adopts all of the Report's findings and recommendations in full.

**A.      Motion to Dismiss**

First, the Court agrees with—and Thakur does not object to—the Special Master's conclusion that dismissal is warranted.  Without unnecessarily repeating the reasons detailed by the Special Master in his Report, the Court independently reaches the same findings in support of this conclusion.

Additionally, in further support of dismissal, the Court notes that Thakur's claims critically rely on a misconception that California Vehicle Code sections 23302 and 23302.5 differ in terms of what penalties may be imposed for violations of the respective statutes.  *See* Cal. Veh. Code § 23302 (making it "unlawful for a driver to fail to pay tolls" but not specifying a penalty for a violation thereof); *id.* § 23302.5 (making it unlawful to "evade or attempt to evade the payment of tolls" and specifying that civil penalties, not criminal penalties, will be imposed for a violation thereof).

California Vehicle Code section 23302 states in relevant part, "It is unlawful for a driver to fail to pay tolls or other charges on any vehicular crossing or toll highway." Cal. Veh. Code § 23302(a)(1).  Notably, section 23302 does not specify whether a violation of that section will result in criminal or civil penalties; rather, it is *silent* as to that issue.  *See id.*  Thakur takes that silence to mean that "[section] 23302 indisputably provides for either civil or criminal penalties."  (Objs. 9.)  But Thakur is mistaken. Rather, the very next code provision, section 23302.5, fills that silence by clarifying: "(a) No person shall evade or attempt to evade the payment of tolls," and "(b) A violation of subdivision (a) *is subject to civil penalties and is neither an infraction nor a public offense . . . .*"  Cal. Veh. Code § 23302.5 (emphasis added).  In other words, section 23302 sets out the basic rule that drivers on toll roads must pay tolls, while section 23302.5 clarifies that evading (or even attempting to evade) tolls is punishable by only civil penalties.

Maintaining an alternative interpretation of these statutes, Thakur insists that California Vehicle Code section 40000.1 creates the possibility that a section 23302 violation could result in criminal penalties.  (Objs. 9.)  However, section 40000.1 states

only, "*Except as otherwise provided in this article*, it is unlawful and constitutes an infraction for any person to violate, or fail to comply with any provision of this code, or any local ordinance adopted pursuant to this code." Cal. Veh. Code § 40000.1 (emphasis added). In other words, section 40000.1 expressly contemplates the possibility that a provision like section 23302.5 may instruct that certain violative conduct will result only in civil penalties, such as the evasion of tolls.

Tellingly, it appears Thakur remains unable to articulate—despite having had years and multiple litigations to formulate—any reliable distinction between "fail[ing] to pay tolls" and "evad[ing] the payment of tolls." *See* Cal. Veh. Code §§ 23302(a)(1), 23302.5. As the Special Master noted, "the exact difference between failing to pay a toll and toll evasion as used in the various applicable statutes is not entirely clear." (Report 11.) Even after an hour of oral argument by Thakur's counsel, the Special Master remained unpersuaded that there was any meaningful difference between the two phrases. (*See id.* 13.) The answer to this riddle is simple. There is no real difference for our purposes; the provisions work together. Effectively, section 23302.5 states that violations of section 23302 will not result in criminal penalties because only civil penalties will be imposed.

To resolve further doubts, the Court turns to the legislative history behind section 23302.5, which shows that the purpose of enacting 23302.5 was to decriminalize evasion of tolls (e.g., the conduct proscribed by section 23302). When proposing section 23302.5 as an amendment to the Vehicle Code, the California legislature explained:

> Existing law makes it a misdemeanor for a person to evade or attempt to evade the payment of tolls or other charges on any vehicular crossing or toll highway and prescribes criminal penalties for violations.
>
> *This bill would require, instead, that the evasion of tolls on toll facilities be subject to civil penalties* governed by a civil procedure, which the bill would prescribe, including an administrative investigation and review procedure and an administrative and judicial appeal process.

8

Legislative Counsel's Digest, Streets & Highways—Toll Evasion Penalties & Procedures, 1995 Cal. Legis. Serv. Ch. 739 (A.B. 1223) (WEST).

Moreover, *recently proposed legislation* sought to amend section 23302.5(b) to specifically include a reference to Section 23302. *See* 2019 Cal. Senate Bill No. 664, Cal. 2019-2020 Regular Session. Indeed, the legislature proposed amending section 23302.5(b) to say:

> A violation of subdivision (a) is subject to civil penalties and is neither an infraction nor a public offense, as defined in Section 15 of the Penal Code. . . . A notice of toll evasion issued in accordance with Section 40254 and *pursuant to* this section, *Section 23302*, or Section 40250 *is a civil violation subject to civil penalties*.

*Id.* § 3 (emphases added). Importantly, Section 7(c) of that proposed bill also states, "The amendment of Section 23302.5 of the Vehicle Code made by this act *does not constitute a change in, but is declaratory of, existing law*." *Id.* § 7(c) (emphasis added). This only further confirms that Thakur has misconstrued these statutes.

The Court's interpretation of the California Vehicle Code also confirms the Special Master's interpretation of the Ordinances at issue. The Ordinances merely state that anyone who travels on the toll roads without payment of the proper toll "shall be deemed to be charged with a non-criminal, civil violation, [as dictated by] section 23302.5." (Thakur's RJN Ex. 1 ("OCTA Ordinance") § 2(d), Ex. 2 ("RCTC Ordinance") § 3(d).) These provisions align the Ordinances with the California Vehicle Code, which dictates that driving through a toll without paying the toll (i.e., the conduct prohibited by sections 23302 and 23302.5) is punishable by only non-criminal, civil penalties. *See* Cal. Veh. Code § 23302.5. That the Ordinances include this clarification does not mean Defendants are prohibited from seeking to enforce the provisions of section 23302 in the first instance. (*See* Report 11.)

For all the reasons discussed above, including those set forth in the Special Master's Report, the Court concludes that Thakur fails to allege a cognizable legal

theory to support his claims.  Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED**.

**B.    Leave to Amend**

Although Thakur does not object to dismissal, he objects to the Special Master's recommendation to dismiss the action with prejudice.  (Objs. 5–16.)  Upon de novo review of Thakur's Objections, the Court finds that leave to amend should be denied for several reasons.  Notwithstanding that Thakur does not appear to have raised his proposed theory for amendment before the Special Master, (*see* Report 13), the Court finds that granting leave to amend in this instance would unduly prolong resolution of this protracted litigation, and it would unduly prejudice Defendants by forcing them to continue to defend against meritless claims.  *See Leadsinger*, 512 F.3d at 522 (explaining that undue delay and undue prejudice to defendants constitute valid grounds for denying leave to amend).

Moreover, the Court finds Thakur's proposed amendment would be futile.  *See id*.; *Manzarek*, 519 F.3d at 1031.  Thakur seeks leave to amend specifically to argue that the rule of lenity should be applied to this case because section 23302 creates criminal liability whereas section 23302.5 does not.  (Objs. 5–16.)  As explained above, the premise of Thakur's argument is flawed because section 23302 does not create criminal liability.  (*See* Part IV(A), *supra*.)  Thus, for all these reasons, Thakur's Objection seeking leave to amend is **OVERRULED**.

**C.    Special Master's "Various Dicta"**

Thakur also objects to "various dicta contained in the Report."  (Objs. 16.)  Specifically, Thakur urges the Court to reject the Special Master's "dicta": (1) "that Thakur is guilty of bad faith"; (2) "that this case should be dismissed with prejudice based on Thakur's alleged bad faith"; (3) "that Defendants are not liable for 31490(q) penal fines under any circumstances"; and (4) "that Defendants should now be given carte [blanche] to resume charging motorists under 23302."  (*Id.* 16–25.)

First, the Court agrees with Defendants' observation that "it is difficult to ascertain the exact portions of the Report that Thakur takes issue with." (Resp. 11.) Indeed, the Special Master's Report does not contain any finding that Thakur acted with bad faith, nor did the Special Master express the opinion that Defendants could not be held liable under section 31490(q) *under any circumstances*.[3] (*See generally* Report.)

The Court assumes Thakur means to object to the Special Master's dicta that he would "likely" recommend dismissal even if Thakur's interpretation of the relevant statutes and ordinances was correct. (*See* Report 8–9.) In particular, the Special Master noted it was *likely* that (1) no actual controversy exists entitling Thakur to declaratory relief under his first cause of action; and (2) Thakur's claims are time-barred, and Thakur's history of forum shopping would preclude equitable tolling. (*See* Report 8–9.) Assuming this is the dicta to which Thakur refers, the Court independently agrees with the Special Master that these issues would *likely* preclude Thakur from obtaining relief on his claims. In any event, the Special Master's dicta is just that. It does not form the basis for dismissal, nor would sustaining Thakur's Objection have any bearing on the Special Master's recommendation or the Court's disposition on Defendants' Motion to Dismiss. Consequently, Thakur's Objection to the Special Master's purported dicta is **OVERRULED**.

**D.  Motion to Stay**

Finally, as the Special Master noted, granting the Motion to Dismiss with prejudice renders Defendants' Motion to Stay moot. Thus, the Motion to Stay is **DENIED**.

---

[3] Rather, the Special Master concluded it was unnecessary to address liability under section 31490(q) because that section requires a predicate violation, which Thakur does not establish. *See* Cal. Streets & Highways Code § 31490(q). (Report 13–14.) The Special Master also observed that it would be "unreasonable to interpret [section 31490(q)] to mean that names and addresses on envelopes of notices that must be mailed to motorists for toll evasion violations are 'knowingly sold or otherwise provided to' the U.S. Postal Service in a manner such that section 31490(q) permits the recovery of statutory fees." (*Id.* 14.) The Court agrees with the Special Master.

## VII.   CONCLUSION

In summary, the Court **ACCEPTS** and **ADOPTS** the Special Master's Report in full, and Thakur's Objections thereto are **OVERRULED**.  Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED with prejudice**, and their Motion to Stay (ECF No. 33) is **DENIED** as moot.  The Court shall issue Judgment.

**IT IS SO ORDERED.**

January 29, 2021

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**